IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00681-BO-KS

| | |
|---|---|
| KAREN WILLIAMS, <br> Plaintiff, <br> <br> v. <br> <br> ALICIA SMITH & STEPHANIE BECHAM, <br> Defendants. | ORDER |

This matter comes before the Court on the memorandum and recommendation ("M&R") of Magistrate Judge Kimberly A. Swank [DE 6]. The M&R recommends that Plaintiff's application to proceed *in forma pauperis* be allowed, that the complaint be dismissed in part, and that this case, No. 5:24-cv-681-BO-KS, be consolidated with a parallel case, No. 5:24-cv-674-BO-KS. [DE 6 at 10].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing *pro se* objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to

explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Plaintiff filed a response to the M&R on March 17, 2025 [DE 7]. In her response, the Plaintiff included two pages of explanation, and seventy-three pages of supporting documentation. However, nowhere in these documents does the Plaintiff object to any determination of the magistrate judge "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Midgette*, 478 F.3d at 622. Broadly, the Plaintiff repeats her factual allegations and includes additional information supporting her claims. The Court interprets these statements as objecting to the recommended dismissal of Plaintiff's *Bivens* and § 1983 official-capacity claims, and will engage in appropriate de novo review of those claims. Notably, the magistrate judge has recommended that Plaintiff's § 1983 individual-capacity claims be allowed to proceed. [DE 6 at 7].

To succeed on a § 1983 official-capacity claim against a local government entity, a plaintiff must show that the alleged constitutional injury is attributable to an official policy, procedure, or custom of the entity. *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 68, 694 (1978). Here, Plaintiff attributes her injuries to the actions of the two individual defendants, and includes no allegations of an underlying policy or procedure.

To succeed on a *Bivens* claim, the defendants must be federal officials. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395 (1971). City housing authority officials are state actors, not federal actors. *Fedynich v. Boulder Hous. Partners*, 2020 WL 5371352, at *11–13 (E.D. Va. 2020), *aff'd* 2023 WL 1814208 (4th Cir. 2023). The named defendants here are not federal officials, and a *Bivens* claim cannot move forward.

2

The Court has reviewed those portions of the M&R to which the Plaintiff did not object for clear error, and has found none. Where appropriate, the Court has conducted de novo review and, likewise, discerned no error. As such, the M&R will be adopted in full.

## CONCLUSION

The M&R [DE 6] is ADOPTED IN FULL. The Plaintiff's motion for leave to proceed *in forma pauperis* [DE 2] is GRANTED. The complaint [DE 1] is DISMISSED IN PART—the Plaintiff's *Bivens* and § 1983 official-capacity claims are dismissed, while Plaintiff's § 1983 individual-capacity claim may proceed. The clerk is DIRECTED to consolidate this case, No. 5:24-cv-681-BO-KS, with the parallel case, No. 5:24-cv-674-BO-KS.

SO ORDERED, this 17 day of April 2025.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE